UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RALPH COUNTRYMAN and RICHARD SIMONS,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS PERRY, et al.,<br><br>Defendants. | Case No. 3:13-cv-00013-MMD-VPC<br><br>ORDER |

Plaintiffs have submitted applications to proceed *in forma pauperis* and a civil rights complaint pursuant to 42 U.S.C. § 1983. Before proceeding further with the action, the Court will sever the plaintiffs into separate actions.

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, on its own this Court may sever any claim or claims at any time. The district court has broad discretion regarding severance of claims. *See*, e.g., *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1297 (9th Cir. 2000).

Plaintiffs are sex offenders. Defendants are the director and officers of the state's parole and probation division. Plaintiffs allege that defendants require paroled sex offenders to pay for sex-offender treatment programs, but that defendants allow parolees who are not sex offenders to receive mandatory psychiatric treatment for free. Plaintiffs further allege that defendants will start revocation proceedings on the slightest infraction or, in the case of plaintiff Simons, a false report.

The Court finds that severance of the plaintiffs into separate actions is necessary. Pleadings and motions filed on behalf of both plaintiffs must be signed by both plaintiffs; one plaintiff cannot represent another plaintiff. *Russell v. United States,* 308 F.2d 78, 79 (9th Cir. 1962). This fundamental requirement already has become difficult, if not impossible, because plaintiff Countryman has been paroled, while plaintiff Simons remains in prison. The Court sees no practical way that the plaintiffs can communicate with each other, or send proposed motions to each other, quickly enough for them to prosecute the action together. Additionally, if the plaintiffs file separate motions, then Rule 5 of the Federal Rules of Civil Procedure requires them to serve the motions upon each other. Finally, it is likely that the plaintiffs have not suffered the same injuries. Plaintiff Simons complains that his parole was revoked due to a false report. Plaintiff Countryman does not make the same claim, nor can he, because he currently is on parole.

Plaintiffs commenced this action when both were in prison. Consequently, both have the obligation to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The Court of Appeals for the Ninth Circuit has not addressed the issue of payment of the filing fee by multiple prisoner plaintiffs. The Seventh and Eleventh Circuits have addressed the issue, and both have held that each prisoner must pay the full filing fee. *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). The Seventh Circuit determined that each plaintiff in a multi-plaintiff action would need to pay the full filing fee. 391 F.3d at 855-56. The Eleventh Circuit upheld the district court's dismissal of a multi-plaintiff action without prejudice to each plaintiff commencing a separate action and paying the filing fee. 262 F.3d at 1195, 1197-98. This Court already has determined that severance of the plaintiffs is necessary, and the Court will follow *Hubbard.*

The Court will enter an order that severs the claims of the plaintiffs into separate actions. A new action will be opened for plaintiff Simons. The Court will transfer plaintiff Simons' application to proceed *in forma pauperis* to the new action. Plaintiff

Countryman will need to file a new application to proceed *in forma pauperis* because his parole has made the information in his existing application stale.  Alternatively, plaintiff Countryman may pay the filing fee of $350.00.

IT IS THEREFORE ORDERED that:

1. The Clerk of the Court shall file the complaint and plaintiff Ralph Countryman's application to proceed *in forma pauperis*, both of which are docketed as attachments to plaintiff Richard Simons' application to proceed *in forma pauperis* (dkt. no. 1);

2. Plaintiff Ralph Countryman shall proceed as the sole plaintiff in case number 3:13-cv-00013-MMD-VPC;

3. The claims of plaintiff Richard Simons are severed from the claims of plaintiff Ralph Countryman;

4. The Clerk of the Court is directed to:
    a. Open a separate civil action for plaintiff Richard Simons;
    b. Assign the new action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
    c. File and docket a copy of this order in the new action opened for plaintiff Richard Simons;
    d. Place a copy of the complaint filed in the instant action into the new action opened for plaintiff Richard Simons;
    e. Send plaintiff Richard Simons a copy of the complaint, bearing the case number assigned to his own individual action;
    f. File and docket plaintiff Richard Simons' application to proceed *in forma pauperis* into the new action;

IT IS FURTHER ORDERED that plaintiff Ralph Countryman's application to proceed *in forma pauperis* is DENIED without prejudice.

1    IT IS FURTHER ORDERED that plaintiff Ralph Countryman shall file another application to proceed *in forma pauperis*.  The Clerk of the Court shall send plaintiff Ralph Countryman a blank application form AO 240, Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).  In the alternative, plaintiff Ralph Countryman shall pay the filing fee of three hundred fifty dollars ($350.00), accompanied by a copy of this order.  Plaintiff Ralph Countryman shall have thirty (30) days from the date on which this order is entered to comply.  Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that the Court need take no further action upon plaintiff's Richard Simons' application to proceed *in forma pauperis* (dkt. no. 1) in this action.

DATED THIS 19th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE